# Third District Court of Appeal

## State of Florida

Opinion filed July 30, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1913
Lower Tribunal No. 24-17668-CA-01
_____

**Aelita Izulina,**
Appellant,

vs.

**Immigration Center of Ekaterina Mouratova, P.A.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Martin Druyan & Associates Attorneys and B. Martin Druyan (Boca Raton), for appellant.

Cotzen Law, P.A., and Michael L. Cotzen, for appellee.

Before LINDSEY, MILLER and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Noel v. James B. Nutter & Co., 232 So. 3d 1112, 1116

(Fla. 3d DCA 2017) (stating that "'[e]xcusable neglect must be proven by sworn statements or affidavits'" (quoting Elliott v. Aurora Loan Servs. LLC, 31 So. 3d 304, 307 (Fla. 4th DCA 2010))); Rodriguez v. Falcones, 314 So. 3d 469, 471 (Fla. 3d DCA 2020) ("In order to show excusable neglect, the moving party 'must produce sufficient evidence of . . . excusable neglect . . . as contemplated by rule 1.540(b) before the court's equity jurisdiction may be invoked.' If the movant fails to present evidence supporting a legal ground for relief from the judgment, it is an abuse of the trial court's discretion to vacate that judgment." (citation omitted) (quoting Bank of New York Mellon v. Peterson, 208 So. 3d 1218, 1222 (Fla. 2d DCA 2017))); Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."); Cerella v. Rinker Materials Corp., 313 So. 2d 85, 85 (Fla. 4th DCA 1975) (affirming denial of motion to vacate default judgment where appellant's "primary motion is unsworn and is non-evidentiary" and record lacked transcript of hearing "and such testimony as may have been taken").